2010-36552
FILED
October 06, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002979923

3

PROBER & RAPHAEL, A LAW CORPORATION
DEAN PROBER, ESQ., #106207
LEE S. RAPHAEL, ESQ., #180030
CASSANDRA J. RICHEY, ESQ. #155721
P.O. Box 4365
Woodland Hills, California 91365-4365
(818) 227-0100
(818) 227-0101 facsimile
F.040-1393
Attorneys for Movant U.S. Bank, N.A.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SERGEY P. IVANTSOV<br><br>Debtor.<br><br>GEOFFREY RICHARDS,<br><br>Trustee,<br><br>_____/ | Bk. No. 10-36552-A-7<br><br>Motion No. PPR-1<br><br>CHAPTER 7<br><br>Hearing-<br>Date : October 4, 2010<br>Time : 9:00 a.m.<br>Place : U.S. Bankruptcy Court<br>        501 I Street<br>        Sacramento, CA<br>        Courtroom 28 Dept. A<br>Judge: Michael S. McManus |

ORDER FOR RELIEF FROM AUTOMATIC STAY

It appearing that neither the Debtor nor the Chapter 7 Trustee has any opposition to Movant's Motion for Relief from Automatic Stay, and with good cause appearing therefore, the Court makes its Order as follows:

IT IS HEREBY ORDERED that the Automatic Stay in the above entitled Bankruptcy proceeding did not go into effect by operation of 11 U.S.C. Section 362(c)(4)(A)(ii) on June 24, 2010 as to U.S. Bank, N.A., its assignees and/or successors in interest ("Movant" herein), and Movant, its assignees and/or successors in interest may proceed with foreclosure of

1

RECEIVED
October 06, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002979923

the subject Property generally described as **9088 Pershing Avenue, Orangevalle California**, pursuant to applicable statutory law, and thereafter commence any action necessary to obtain complete possession thereof.

IT IS FURTHER ORDERED that, because it appears the value of the collateral does not exceed Movant's claim, Movant is not awarded attorneys' fees and costs for the Motion.

IT IS FURTHER ORDERED that this bankruptcy proceeding has been finalized for purposes of Cal. Civil Code Section 2923.5 and the enforcement of the note and deed of trust described in the motion against the subject real property. Further, upon entry of this order granting relief from the automatic stay, the movant and its successors, assigns, principals, and agents shall comply with Cal. Civil Code Section 2923.52 et seq., the California Foreclosure Prevention Act, to the extent it is otherwise applicable.

IT IS FURTHER ORDERED that entry of this order shall be deemed to constitute relief from the automatic stay as to any interest the Chapter 7 Trustee may have in the subject Property.

IT IS FURTHER ORDERED that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

IT IS FURTHER ORDERED that, if recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) to prevent the automatic stay from arising in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of

interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

Dated: October 06, 2010

By the Court

Michael S. McManus
United States Bankruptcy Judge

3